The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



Russ Kendig
United States Bankruptcy Judge

Dated: 05:24 PM June 23, 2022

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| COREY R. NENADAL AND | ) | CASE NO. 19-62395 |
| HOLLY N. NENADAL, | ) | |
| | ) | JUDGE RUSS KENDIG |
| | ) | |
| Debtors. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

On March 2, 2022, Debtors filed a modification to reduce their plan payments and the chapter 13 trustee objected. The court held two hearings and each party filed a supplemental brief in support of its position. The matter is now before the Court for its ruling.

The Court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b) and the general order of reference entered by the United States District Court on April 4, 2012. It has authority to issue a final order in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

Debtors filed this case on November 27, 2019. The Court confirmed their plan on April 10, 2020. Plan payments were $350.00 for three months, then increased to $800.00 for the remaining fifty-seven months. An agreed order resolving the Trustee's objection to confirmation altered these payments, requiring payments to increase to $860.18 in November 2021, and increase to $1,336.02 in September 2023. The increases were made to capture disposable income available after retirement loans were repaid.

When they filed, Debtors had two vehicle leases with GM Financial, both rejected through the plan. Payments on the leases totaled $1,070.04. The court granted relief from the automatic stay for one vehicle on April 7, 2020, the other on September 16, 2020.

After the leases ended, and Debtors failed to move toward obtaining replacement vehicles, the trustee attempted to raise their plan payment. Debtors objected, contending their income was significantly reduced due to the pandemic, and they filed a modification to reduce their payments. The trustee thereafter withdrew her proposed modification and objected to the Debtors' modification. The parties entered an agreed order reducing payment to $400.00 per month starting November 2020, with future increases scheduled in November 2021 and September 2023.

In August 2021, after reviewing updated pay stubs, the trustee filed a modification to increase payments because of higher income. Debtors objected and on October 19, 2021, the parties reached another agreement, scheduling payments to increase to $1,750.90 in November 2021 and $2,226.74 in September 2023.

Less than a week later, Debtors filed another modification to reduce plan payments to $515.00 per month and allow them to purchase a vehicle. By separate order, the court granted Debtors' motion to borrow, permitting the vehicle purchase with a $429.00 payment. At a hearing held on February 16, 2022, the court denied Debtors' modification, stating the record did not support Debtors' modification. The decision was journalized in an entry docketed February 17, 2021.

On March 2, 2022, Debtors again attempted to modify the plan. In this modification, they seek to reduce payments to $1,000.00 starting November 2021. Payments will increase to $1,061.00 in November 2022 and $1,537.00 in September 2023. Debtors filed amended schedule I and J showing gross wages of $3,606.63 for Debtor-husband, net earnings of $2,309.21, and bonuses of $215.97, for a total net monthly income of $2,525.18. Debtor-wife's monthly gross is $4,911.53. After deductions of $1,860.41, her net monthly income is $3,051.12. The trustee objected, arguing Debtors are able to afford a larger plan payment, in excess of $1,900.00. In her supplemental brief, she backed off this number slightly, proposing that Debtors can afford a payment of $1,586.57.

Debtor-husband's pay is unusually structured. The more he works during a pay period, the higher his hourly rate of pay. Additionally, he receives bonuses for jobs completed, paid

2

monthly by separate check. He is instructed to pay all bonuses into the plan.

## DISCUSSION

Post-confirmation modifications are governed by 11 U.S.C. § 1329. In a very generalized overview, modifications are governed by the same requirements as a pre-confirmation plan, including sections 1322(a) and (b), 1323(c), and 1325(a) of the Code. 11 U.S.C. § 1329(b). The proponent of a modification bears the burden of proof. Max Recovery, Inc. v. Than (In re Than), 215 B.R. 430, 434 (B.A.P. 9th Cir. 1997) (citations omitted). The parties present the court with a factual issue, asking it to determine which number is correct: trustee's monthly payment of $1,586.57 or Debtors' proposed $1,000.00. The court has a limited factual record to review. The only current paystubs available are those attached to Trustee's supplemental brief.

Debtors filed additional pay stubs for Debtor husband on June 22, 2022 which the court will not consider. Recent pay stubs cannot support a modification filed on March 2, 2022. Further, Trustee has no opportunity to review and comment. The filing is also untimely. The court issued a scheduling order on May 2, 2022 giving Debtors until May 23, 2022 to file documentation in support of their position. Debtors' modification has been under advisement since the hearing on May 25, 2022.

### I. Debtor-husband

The court relies on the pay stub for the check issued on April 5, 2022, for the pay period ending on March 31, 2022 to determine which figures are accurate, Trustee's or Debtors'. The court's math shows an average monthly gross wage earnings, excluding bonuses,[1] of $3,910.00. This represents the total gross wages for the year ($11,731.00) divided by the three months worked. This is a mere $65.00 more than Trustee's figure and over $300.00 more than Debtors' figure.

This puts Debtor-husband on track to earn approximately $50,372.00 gross this year with the bonuses. The court notes that this is a decrease in income from previous years. In 2019, he reported gross earnings $54,245.00 through the November 27, 2019 filing. He reported $54,283.00 in 2018. Based on this pay stub, Debtor-husband is going to make less than he did in 2017. Debtors rely heavily on his decreased income to support the reduced payment but it is only one consideration. Decreased income standing alone does not support a payment reduction. The court must consider the entire financial landscape.

His average payroll tax deduction is $686.00 per month. This figure is $42.00 more than Trustee's figure and approximately $91.00 more than Debtors' figure. He also has deductions for a 401(k) contribution, a 401(k) loan, accounts receivable, dental and medical. The trustee and Debtors agree the 401(k) loan repayment is $475.84 per month and his insurance is $227.07 per month.

---

1 Since the bonuses are paid by separate check, and are to be submitted into the plan in their entirety, the court will not address the bonus amounts.

3

Debtor-husband is contributing to a 401(k) plan. The trustee has not accounted for this in her Schedule I calculations. Debtors argues that Debtor-husband is entitled to claim the deduction because he was contributing to the 401(k) pre-bankruptcy. This is true and supported by his employee income records; the 401(k) loan is further proof. However, when he filed this case, he did not take any deduction for voluntary contributions to a 401(k) on Schedule I and has not taken it on the amended Schedule I filed on May 10, 2022. The Trustee is not obligated to calculate a deduction Debtors do not take.

After reviewing the pay stub and running its calculations, the court accepts Trustee's income figures and the deductions for taxes, insurance and the 401(k) loan. Trustee's calculations are well-supported and she clearly explains how she arrives at her figures. Her figures are based on an additional paycheck and are much closer to the court's calculations. Debtors provide no explanation of how they arrived at the amounts on amended Schedule I. Both the court's rudimentary calculations and Trustee's suggest Debtors understate Debtor-husband's gross income. The court finds Debtor-husband's net monthly income is $2,693.91.

## II. Debtor-wife

To run baseline calculations, the court will use the year-to-date figures from the pay stub for the April 10, 2022 to April 23, 2022 pay period. The gross year-to-date wages are $18,598.00. Divided by 3.75,[2] for the 3 ¾ months worked, the average monthly gross is $4,959.00. Debtors' amended Schedule I has a figure of $4,911.00 while Trustee's figure is $4,646.00. The court shows $898.00 for taxes, compared to Debtors' $830.00 and Trustee's $841.00 figures. As Trustee points out, the real discrepancy arises with amounts deducted for insurance. Debtors deduct over $1,000.00 per month. The court's math comes to $361.00 and Trustee's figure is $277.00.

Again, Debtors failed to offer any explanation how they arrived at the figures on the amended Schedule I. Trustee has meticulously articulated her calculations, which are much closer to the Court's rough calculations. The Court cannot come near the amount used by Debtors for the insurance deductions. Therefore, the court will accept Trustee's figures for Debtor-wife. It finds her monthly net income is $3,527.78.

## III. Expenses

Trustee notes two small problems with Debtors' amended Schedule J, a duplicate ADT expense and a 403(b) loan repayment that Debtors are not paying. Deducting these two amounts, Trustee claims Debtors' monthly expenses should be $4,635.12, not $4,757.30.

Looking at the amended Schedule J filed in May 2022, the ADT expense is listed twice. Regarding the 403(b) expense, Debtors note that the 403(b) loan "ends in 12." The court does not understand this notation.

More items are puzzling. This total expense amount on the amended J is *less* than

---

[2] In Debtors' favor, Trustee generously divided by 4.0, thus the court's figures will be higher.

4

19-62395-rk    Doc 139    FILED 06/23/22    ENTERED 06/24/22 07:22:01    Page 4 of 6

Debtors' total expenses on the date they filed the case ($4,935.17) in 2019. In part, this is due to the elimination of a $600.00 lease payment. However, Debtors' mortgage has increased almost $400.00 since filing as the result of escrow changes, accounting for most of the car payment.

On the most recent I and J, Debtors also offer the following:

> Wife's 403b loan ends in 12.
> Wife's student loan payment will resume in February 2022.
> Increases in monthly expenses, such as gas and groceries, are due to inflation.
> Mortgage payment also increased.

Debtors allude to increases in monthly expenses yet very few are reflected on Schedule J. For example, in a period with the highest gas prices on record, their transportation budget dropped $50.00. Debtors reference a student loan payment beginning in February 2022 but no student loan payment is listed on the Schedule J filed in May 2022. Most of Debtors' household expenses are less, not more. Clothing is $25.00 less, personal items/care is $50.00, entertainment and recreation are $50.00 less, pet expenses are $75.00 less.

While the court may question the figures, they have been submitted as true and correct under the penalty of perjury. The court will therefore accept the figures presented by Debtors, adjusted by the errors identified by Trustee. Debtors' household expenses are $4,635.12 ($4,757.30 from amended Schedule J less $60.18 403(b) loan repayment less $62.00 duplicate security system expense).

### IV.  Other

Debtors request a retroactive modification beginning in November 2021. Since they have not met their burden of proof that they are entitled to the modification, the request is denied.

Trustee requests that Debtors be prohibited from filing another modification for sixty days barring a significant or involuntary change in circumstances or by court order. The court understands Trustee's request. Debtors' modification from October 2021 was denied because the record did not support their figures and this modification is also denied on similar grounds. Trustee reports she is unable to get adequate information from Debtors to assess the modifications filed. Also, for Trustee's modification filed in August 2021, the parties reached an agreed order, only to have Debtors one week later file another modification seeking to reduce the plan payment from $1,750.90 to $515.00 plus the additional $429.00 car payment.

Rather than prohibit Debtors from filing a modification, the court will require them to support any new modification when filed. In order for a modification to be considered, any future modification must include detailed calculations of the methodology used to arrive at figures contained on Schedule I. Additionally, Debtors must file, with the modification, three of the most recent pay stubs for each debtor and an amended Schedule I and J. If any expense has increased more than 25% on Schedule J, Debtors shall also provide evidentiary support for the change.

## CONCLUSION

The party seeking a modification must provide factual and legal support for the requested change. The record does not show Debtors are entitled to reduce their plan payments to $1,000.00 per month. The court will accept the Trustee's income figures. Trustee's expense figure, with the adjustment for the duplicate expense and unpaid 403(b) loan expense, are also accepted.

Any future modifications filed by Debtors must be amply supported at filing. Failure to provide the calculations and documentation will result in denial of the modification.

An order will be entered immediately.

# # #

**Service List:**

Jennifer Reed
Rauser & Associates LP
401 W. Tuscarawas Street
Suite 400
Canton, OH 44702

Dynele L Schinker-Kuharich
Office of the Chapter 13 Trustee
200 Market Avenue North, Ste. LL30
Canton, OH 44702